U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 17 2021
CLERK, U.S. DISTRICT COURT
By_____
     Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DO KYUN KIM, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:21-CV-703-A |
| | § | (NO. 4:18-CR-233-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Do Kyun Kim, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The court, having considered the motion, the government's response, the reply,[1] the record, including the record in the underlying criminal case, No. 4:18-CR-233-A, and applicable authorities, finds that the motion should be denied.

I.

Background

The record in the underlying criminal case reflects the following:

On September 18, 2018, movant was named in a one-count indictment charging him with distribution of a mixture and

---

[1] With his reply, movant filed a motion to amend and file a lengthier reply. The court is satisfied that no purpose would be served by granting the motion. Movant has had ample opportunity to explain his claims and the bases therefor.

substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). CR Doc.[2] 1. Movant entered a plea of not guilty. CR Doc. 9. The case was set for trial, CR Doc. 10, and movant changed his plea. CR Doc. 16. Movant and his attorney signed a factual resume setting forth the penalties movant faced, the elements of the offense, and the stipulated facts establishing that movant had committed the offense. CR Doc. 17.

On November 9, 2018, movant appeared before the court to enter his plea of guilty. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated

---

[2] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:18-CR-233-A.

2

facts were true. CR Doc. 39. The court found that movant was fully competent and capable of entering into an informed plea; that his plea was knowing and voluntary and supported by an independent basis in fact; and that the plea did not result from force, threats or promises. Id. at 21.

The probation officer prepared the PSR, which reflected that movant's base offense level was 32. CR Doc. 21, ¶ 22. He received a two-level enhancement for possession of a firearm, id. ¶ 23, and a two-level enhancement for maintaining a drug premises. Id. ¶ 24. He received a two-level and a one-level reduction for acceptance of responsibility. Id. ¶¶ 30, 31. Based on a total offense level of 33 and a criminal history category of II, movant's guideline range was 151 to 188 months. Id. ¶ 74. Movant filed objections, CR Doc. 23, and the probation officer prepared an addendum to the PSR. CR Doc. 25. The probation officer accepted movant's objection to his criminal history category, which led to a revised guideline range of 135 to 168 months. Id. Movant again filed objections. CR Doc. 27. Movant also filed a sentencing memorandum and request for downward variance. CR Doc. 30.

On March 1, 2019, the court sentenced movant to a term of imprisonment of 135 months. CR Doc. 34. The court found that a sentence within the guideline range was required for the

3

sentencing factors contemplated by 18 U.S.C. § 3553(a) to be satisfied, but sentenced movant at the bottom of the range, taking into account all of the things that had been presented to the court on movant's behalf. Doc. 40 at 11-12. Movant appealed. CR Doc. 36. His sentence was affirmed. <u>United States v. Kim</u>, 791 F. App'x 490 (5th Cir. 2020). His petition for writ of certiorari was denied. <u>Kim v. United States</u>, 140 S. Ct. 2838 (2020).

II.

<u>Grounds of the Motion</u>

Movant asserts four grounds in support of his motion, worded as follows:

> Ground One: Ineffective Assistance of Appellate Counsel-Issues that should have been raised in the direct appeal were overlooked or deliberately left out.
>
> Ground Two: Denial of Effective Assistance of Counsel
>
> Ground Three: My Fifth Amendment right against self-Incrimination was violated. My conviction was obtained by a violation of the privilege against self-incrimination.

Doc.[3] 1 at 7.

> Ground Four: My conviction was illegally obtained.

<u>Id.</u> at 8.

---

[3] The "Doc. __" reference is to the number of the item on the docket in this civil action.

4

The motion is accompanied by a brief in support. Doc. 2.

III.

Standards of Review

A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).

Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.   Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting

6

Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

In support of his first ground, movant argues that counsel provided ineffective assistance on appeal. He says that the Fifth Circuit pointed out two issues that should have been considered. That is, movant could have "[p]rovided evidence, beyond [his] own speculation, showing that the Government would have offered [him] a cooperation agreement, under Guideline § 1B1.8(a), had [he] delayed in cooperating." Doc. 1 at 7. And, he could have "[s]hown that the Court failed to consider the need to avoid unwarranted sentencing disparities or given proper weight to the other § 3553(a) factors." Id. The court does not read the Fifth Circuit's opinion to have opined that counsel provided ineffective assistance. Rather, the opinion notes that the court considered movant's arguments and determined that the

7

sentence imposed was necessary to meet the sentencing factors the court was to consider under § 3553(a). That movant disagreed with the propriety of the sentence did not suffice to rebut the presumption of reasonableness that attached to the within-guideline sentence. 791 F. App'x at 490-91. The Fifth Circuit did not say that there was evidence that could have been presented and movant does not point to any.

In addition, movant says that he received ineffective assistance of counsel on appeal because none of the issues in his motion that could have been in the appeal were included. Doc. 1 at 7. He does not identify any such issues in his motion or brief. Id.; Doc. 2 at 2. This conclusory allegation is insufficient to show ineffective assistance. Miller, 200 F.3d at 282. Rather, movant must show that his counsel's representation was deficient and that he was prejudiced as a result. Strickland, 466 U.S. at 687. To show prejudice, movant must show not only that had counsel acted in a different manner the result of the proceedings would have been different, he must show that as a result of counsel's incompetence, the trial was rendered fundamentally unfair or unreliable. Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993). This he has made no attempt to do.

In support of his second ground, movant provides a laundry list of 24 alleged failures of his counsel. Doc. 1 at 7, 11-19.

8

In his brief, he notes several times that the record does not support his allegations, which may be considered conclusory. See, e.g., Doc. 2 at 3, 6, 7. It is clear that most, if not all, of the allegations are pure speculation on movant's part.

By his guilty plea, movant waived all nonjurisdictional defects in the proceedings, including ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the plea. United States v. Cavitt, 550 F.3d 430, 441 (5th Cir. 2008)(quoting Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983)). This includes claims regarding failure to investigate or challenge police misconduct and the like. United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000). Where, as here, failure to litigate a Fourth Amendment claim competently is a principle allegation of ineffectiveness, movant must prove that his Fourth Amendment claim is meritorious. Kimmelman v. Morrison, 477 U.S 365, 375 (1986). In addition, he must show prejudice by showing that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). He does not make any of these showings.

Movant first alleges that his counsel should have determined if Miranda warnings were given and if various

searches were legal. Doc. 1 at 1-2; Doc. 2 at 3. Movant admits that he has no idea whether any violations occurred and that "[t]he record does not support this claim." Doc. 2 at 3. The second allegation is like the first, counsel "[f]ailed to determine and challenge the admissibility of any evidence in my case." Doc. 1 at 12. The ninth allegation is that counsel failed to object to the quantity of drugs used to determine his offense level and file a motion to suppress since the information was obtained after movant's arrest and without giving him his Miranda warnings. Doc. 1 at 13-14. As stated, movant must prove that his Fourth Amendment claim is meritorious to proceed with his allegation of ineffective assistance. Kimmelman, 477 U.S. at 375.

The next allegations are equally conclusory:

3. Failed to investigate the facts of my case thoroughly.
4. Failed to interview any witnesses.
5. Failed to obtain and review lab reports related to drug testing done by the Government.
6. Failed to employ expert witnesses.

Doc. 1 at 12. In each instance, movant simply says that his counsel failed to do these things. He does not offer any factual support or explain why any of these things made any difference. See United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989)(one who alleges failure to investigate must allege with

10

specificity what the investigation would have revealed and how it would have altered the outcome); Buckelew v. United States, 575 F.2d 515, 521 (5th Cir. 1978)(complaints of uncalled witnesses are not favored; presentation of evidence is a matter of trial strategy and allegations of what a witness would have testified are largely speculative).

Under item 7 he alleges that his counsel failed to obtain and review text messages and audio that the government intended to use at trial. He reaches this conclusion because of things not reflected on the docket in the underlying criminal case. He says that the government filed a notice of intent to use transcripts and audio recordings at trial, but failed to comply with the court's order requiring the government to file transcripts of the recordings. He alleges that his counsel was ineffective in failing to press the government to comply with the order. Id. at 13. That the transcripts were not filed does not mean that counsel failed to obtain and review text messages and audio. And, of course, because movant decided to plead guilty, there was no reason to make the filings required by the order.

As his eighth item, movant says that counsel never should have allowed him to sign the factual resume. Doc. 1 at 13. He

11

again admits that the record does not support this claim. Doc. 2 at 7.

In the tenth item, movant alleges that his counsel failed to file the sentencing memorandum. Doc. 1 at 14-15. He is mistaken. CR Doc. 30. As noted, the court considered movant's motion for downward variance, but found that a sentence at the bottom of the guideline range was necessary to meet the § 3553(a) factors. CR Doc. 40 at 11-12.

Under item 11, movant says that counsel failed to communicate or recommend a plea agreement. By this, he means that counsel should have negotiated a better deal for him. Doc. 1 at 15-16. Of course, a defendant does not have a right to be offered a plea, nor a federal right that the judge accept it. Missouri v. Frye, 566 U.S. 134, 148 (2012). Counsel's duty is to convey to the defendant formal offers from the government. Id. at 145. Here, there is no evidence that counsel failed to do so. Nor is there any evidence that a better deal could have been had. See Lafler v. Cooper, 566 U.S. 156, 163 (2012)(movant must show that the outcome of the plea process would have been different with competent advice). For the reasons explained by the government, there is no reason to believe that movant could have gotten a better deal. Doc. 8 at 13-14. As counsel admitted at the rearraignment hearing, movant was willing to enter a plea

of guilty without a plea agreement because "it's just a one-count indictment he's pleading guilty to." CR Doc. 39 at 18.

Items 12 through 24 are worded as follows:

12. Failed to develop a trial strategy.
13. Failed to investigate potential defenses.
14. Failed to represent me by effectively abandoning me.
15. Failed to file any legitimate dispositive pretrial motions in preparation for trial, much to my detriment and prejudice.
16. Failed to spend sufficient time on my case and failed to meet or consult with me sufficiently to prepare a proper defense and for trial.
17. Failed to be truthful, which resulted in coercion.
18. Failed to object to anything of significance during the entire time he represented me, thereby preserving only one issue for direct appeal.
19. Failed to object to the PSR effectively.
20. Failed to investigate, examine, question, or challenge the grand jury proceedings.
21. Failed to challenge or object to the one-page indictment.
22. Failed to properly and thoroughly research the law of the case.
23. Failed to prevent undue prejudice.
24. Failed to investigate mitigation issues prior to sentencing.

Doc. 1 at 16-19. The allegations thereunder, to the extent there are any, are wholly conclusory. In his memorandum, he admits that there is no support for items 20, 21, 22, and 24. Doc. 2 at 18, 20.

In his third ground, movant alleges that his Fifth Amendment right against self-incrimination was violated and his conviction obtained thereby. Doc. 1 at 7. Movant waived this

13

ground by his guilty plea. United States v. Cothran, 302 F.3d 279, 285-86 (5th Cir. 2002). Moreover, the ground is procedurally barred as it could and should have been raised on direct appeal and movant has not shown cause and prejudice resulting from the error. United States v. Kallestad, 236 F.3d 225, 227 (5th Cir. 2000); Shaid, 937 F.2d at 232. And, finally, movant could not show that there is any merit to this ground in any event. In support, he simply says, "I do not recall being read or given the Miranda warnings." Id. Movant's lack of recollection does not establish his entitlement to relief.

In his fourth ground, movant contends that his conviction was illegally obtained because his guilty plea was not made voluntarily or with understanding of the nature of the charge and the consequences of the plea. Doc. 1 at 8. This ground is procedurally barred. Kallestad, 236 F.3d at 227; Shaid, 937 F.2d at 232. And, any contention that movant's plea was not knowing, voluntary, and intelligent is belied by the record. Movant's solemn declarations in open court are entitled to a presumption of verity. Blackledge v. Allison, 431 U.S. 63, 74 (1977). His factual resume is likewise entitled to that presumption. United States v. Abreo, 30 F.3d 29, 32 (5th Cir. 1994); Hobbs v. Blackburn, 752 F.2d 1079, 1081-82 (5th Cir. 1985). Movant's plea was knowing and voluntary and made with sufficient awareness of

14

the relevant circumstances and likely consequences. Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005). Other than his conclusory allegation to the contrary, he has made no attempt to show otherwise. And, he could not show prejudice as he has made no attempt to show that he would have insisted on going to trial but for his counsel's alleged representations. Hill v. Lockhart, 474 U.S. 52, 56 (1985). Finally, the court notes that this is yet another instance in which movant admits that the record does not support this claim.[4] Doc. 2 at 23.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

The court further ORDERS that movant's motion for leave to amend his reply be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the

---

[4] As movant's reply makes clear, he wants to reopen his case and engage in a fishing expedition to investigate everything he alleges his attorney did or failed to do. He is not entitled to do so. Rector v. Johnson, 120 F.3d 551, 562 (5th Cir. 1997).

15

denial of a constitutional right.

    SIGNED August 17, 2021.

_____
JOHN McBRYDE
Senior United States District Judge